IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DIOSDADO ROSENDO VALDES,
    Petitioner,

vs.                                   Case No. 3:08cv181/LAC/EMT

USA, et al.,
    Respondents.
_____/

## REPORT AND RECOMMENDATION

    Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1). The filing fee has been paid. This court has not ordered service of the petition upon Respondents because, as discussed herein, summary dismissal of the petition is appropriate.

    On October 7, 1992, Petitioner was convicted by a jury in the United States District Court for the Northern District of Florida of federal drug offenses (*see* Doc. 1 at 3). *See* United States of America v. Valdes, No. 98-2409 (11th Cir. May 10, 1999) (unpublished opinion) (attached). He was sentenced to two hundred thirty-five (235) months of incarceration followed by five (5) years of supervised release (*id*.). *See id.* Petitioner appealed his conviction and sentence to the Eleventh Circuit Court of Appeals (Eleventh Circuit), and the appellate court affirmed. *See id.* In 1995, Petitioner filed a petition for writ of error coram nobis in which he challenged (1) his conviction and the forfeiture of his property on double jeopardy grounds, and (2) the administrative forfeiture of his property. *See id.* The district court partially construed the petition as a motion to vacate under 28 U.S.C. § 2255 and denied it (*see* Doc. 1 at 2). *See id.* Petitioner subsequently filed a second petition for writ of error coram nobis arguing that, based a newly-acquired document discussing a confidential informant allegedly unknown to Petitioner, the government failed to disclose exculpatory evidence prior to his trial in violation of Brady v. Maryland, 373 U.S. 83, 83 S. Ct.

1194, 10 L. Ed. 2d 215 (1963). *See id.* The district court denied the petition on the ground that Petitioner raised only a newly discovered evidence claim, which was not cognizable in a coram nobis proceeding. *Id.* Petitioner appealed the decision to the Eleventh Circuit, and the appellate court affirmed on the ground that Petitioner could raise his Brady claim in a second § 2255 motion if he could show that the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; therefore, he was not entitled to coram nobis relief because a remedy under § 2255 was available and adequate to protect his rights. *Id.* The court further noted that under § 2244, Petitioner must petition a three-judge panel of the Eleventh Circuit for permission to file a second § 2255 petition. *Id.*

In the instant § 2241 petition, Petitioner raises one ground for relief:

> Petitioner was prejudiced due to subject material evidence unavailable for disclosure during the proceeding.
>
> During the trial, Timothy L. Edmondson falsely testified that there was only one confidential informant ("C.I."). But in fact, there was another participating C.I. with a related material role as to the charges of distribution. Special Agent Edmondson did further erroneously testified [sic] by obscuring the facts related to such material evidence. Reference made to the trial transcripts where Edmondson states that 'he brought the entire load to south Florida, but he did not bother[] calling the Petitioner because he knew the role being played by the other participating CI was that of a buyer. Special Agent Edmondson is mentioned in a related Memorandum prepared by Agent O'Keefe/BATF. Before Petitioner was arrested in Pensacola, Florida, BATF C.I. had to report for incarceration at F.C.I. Tallahassee. He was later transfered [sic] to F.P.C. Maxwell and escaped from remaining [sic] a fugitive for a period of more that three years.

(Doc. 1 at 4–5). As relief, Petitioner seeks an order vacating his convictions (*id.*).

To challenge on constitutional grounds the imposition or validity of his conviction or sentence, Petitioner must file his petition pursuant to 28 U.S.C. § 2255. *See* United States v. Hayman, 342 U.S. 205, 72 S. Ct. 263, 96 L. Ed. 232 (1952). By contrast, a habeas corpus petition under 28 U.S.C. § 2241 generally attacks only the execution or carrying out of an initially valid confinement. *See* Broussard v. Lippman, 643 F.2d 1131 (5th Cir. Unit A Apr. 27, 1981).[1] When

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

Case No.: 3:04cv126/RV/EMT

a defendant previously filed a § 2255 motion, he must apply for and receive permission from the court of appeals before filing a successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3), 2255. A defendant who filed a previous § 2255 motion and was denied relief may not circumvent the rule restricting successive motions simply by filing a petition under § 2241. *See* Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). Although jurisdiction under § 2241 may be found through what has been referred to as "the savings clause" of the amended § 2255,[2] this remedy is available only if Petitioner establishes that the § 2255 remedy is inadequate or ineffective. *See* Wofford, 177 F.3d at 1245; McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979); Lane v. Hanberry, 601 F.2d 805 (5th Cir. 1979). In Wofford, the Eleventh Circuit stated:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

177 F.3d at 1244.

Petitioner apparently recognizes that claims like the one presented in the instant petition must normally be presented in a motion attacking the conviction pursuant to § 2255; however, Petitioner states that the district court erroneously recharacterized his first coram nobis petition as a § 2255, and a second § 2255 is "inadequate or ineffective" because his claim is based upon newly discovered evidence and not a retroactively applicable Supreme Court decision (Doc. 1 at 2).

In Wofford, the Eleventh Circuit specifically stated:

> We need not decide whether the savings clause extends to sentencing claims in those circumstances [where a petitioner's claims involve a "fundamental defect" in sentencing and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier] or what a "fundamental defect" in a sentence might be. It is enough to hold, as we do, that the only sentencing claims that may conceivably be

---

[2]The "savings clause" provides:
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.</u>

(emphasis added).

covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent.

177 F.3d at 1244–45. In the instance case, Petitioner does not allege that his claim is based upon a retroactively applicable Supreme Court decision overturning Eleventh Circuit precedent. Therefore, Petitioner may not use the savings clause of § 2255 to file a § 2241 petition. Furthermore, this court will not construe the instant petition as a § 2255 motion because Petitioner has failed to show that he has obtained authorization from the Eleventh Circuit to file a second or successive motion under § 2255. Finally, to the extent Petitioner asserts that his habeas petition should proceed because he cannot pursue his claim in another § 2255 motion, the Eleventh Circuit has rejected this argument. *See* Wofford, 177 F. 3d at 1244–45 (restrictions on successive section 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause).[3] Since Petitioner is plainly not entitled to pursue the relief he seeks under § 2241, and this court is not authorized to consider his claims under § 2255, this cause should be dismissed without further proceedings.

In habeas corpus actions, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Rule 4, Rules Governing Section 2254 Cases; *see also* 28 U.S.C. § 2243.[4] Since Petitioner is plainly not entitled to pursue the relief he seeks under § 2241, this cause should be dismissed without further proceedings.

Accordingly, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED WITH PREJUDICE** pursuant to Rule 4, Rules Governing Section 2254 Cases, and 28 U.S.C. § 2243.

---

[3] As Petitioner was previously advised by the Eleventh Circuit, he may file a motion in the Eleventh Circuit for an order authorizing the district court to consider a second or successive application, and the Eleventh Circuit may authorize the filing of a second or successive application if it determines that Petitioner has made a prima facie showing that the factual predicate for the claim could not have been previously discovered through the exercise of due diligence. 28 U.S.C. § 2244(b)(2)(B)(i).

[4] Although this habeas action was not brought pursuant to section 2254 but section 2241, Rule 1(b) of the Section 2254 Rules allows the court to apply these rules in § 2241 cases. *See* Kramer v. Jenkins, 108 F.R.D. 429, 432 (N.D. Ill. 1985).

Case No.: 3:04cv126/RV/EMT

At Pensacola, Florida this 16<u>th</u> day of May 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**